[Civ. Nos. 6401, 6403. Second Appellate District, Division Two.—May 3, 1929.]

JAMES E. GREEN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Wm. C. Ring for Petitioner.

Harry Lyons for Respondent.

CRAIG, J.—Prior to the litigation hereinafter mentioned, and from which these proceedings arise, the petitioner, James E. Green, entered into an agreement for exchange of properties with William E. Rhoades and wife, whereby the latter acquired possession of an apartment house, and certain furniture and furnishings. Upon the execution thereof the vendees signed a conditional sale contract by the terms of which they agreed to pay $8,500 for the personal property in monthly installments, and which was dated February 1, 1928. Thereafter Rhoades and his wife instituted a suit for rescission of the exchange contract, alleging fraud and misrepresentation, numbered 250325, in the Superior Court of Los Angeles County. During the pendency of the suit last mentioned, Green in turn filed in the Superior Court an action in unlawful detainer, which was numbered 257059, and one numbered 257997, for replevin of the personalty. After certain continuances, the

plaintiffs in the case numbered 250325 were awarded judgment for rescission, and for $13,723.58, which was made a lien upon the furniture and furnishings. Green appealed from the judgment, and furnished an undertaking for the purpose of staying execution, to which exceptions were sustained by the court, but it appears that a sufficient undertaking was later substituted therefor, and was accepted. It is alleged by petitioner that the claim and delivery and unlawful detainer actions were thereafter tried together and that the court indicated an intention of deciding in his favor, but that upon motion of the defendants they were continued pending the determination of the appeal of the first action. He prays a writ of mandate in each case requiring the Superior Court to proceed to judgment notwithstanding such appeal. The respondent court, through counsel for the defendants Rhoades, denies that the claim and delivery or unlawful detainer actions are ready for decision, and alleges that they were consolidated and that the defendants during, but prior to the conclusion of, the trial thereof, moved for a continuance pending said appeal and produced the records of the first case; and that the complaint in that action and the answer and supplemental answer in the replevin suit and unlawful detainer suit involve the same property and present similar issues. It is further averred by the respondent that the property in controversy was delivered to petitioner in accordance with a verbal understanding or promise at the time of the filing of petitioner's undertaking upon appeal, and that no evidence as to its value had yet been offered or received when the continuance was granted in the replevin suit numbered 257997.

It appears to have been conceded in the respective briefs that the plaintiffs in the suit for rescission having obtained judgment for $13,723.58, in addition to rescission of their contract of exchange, and the personal property having been surrendered by them, the value and right to possession thereof are no longer in issue. The petitioner contends that the only question before the trial court upon the institution of this proceeding was the amount of damages, if any, to which he might be entitled in the unlawful detainer and replevin suits for possession, use and occupation of the real and personal properties from the date of an alleged

default in payment of installments to the time of such surrender. Respondent represents that the petitioner is insolvent, and could not pay the judgment rendered in the first case, if it should be affirmed; that the question of fraud would not be considered in the consolidated actions for possession, and that the question of value alone remained open for proof and determination, for the purpose of arriving at the amount of rental which the petitioner might in the event of a judgment in his favor be entitled to recover. The merits of neither of said actions are here involved.

The contract of conditional sale, entitled "lease contract," for rescission of which the vendees recovered judgment below, and for breach of which the petitioner herein there sought relief, contains no provision for remuneration of the conditional vendor for use of, or failure to return, the personal property should default occur in the payment of any installment. We think it immaterial whether, as claimed by the petitioner, the trial court had before it all of the evidence and was about to render a judgment awarding or denying rents for the use of the furniture, or required evidence as to the amount of damage, if any, to which he might be entitled for its retention and use between the dates of default and surrender. If the judgment of rescission rendered during the pendency of the possessory actions be affirmed, it might result that petitioner is not entitled to recover rent or damages. Should it be reversed, it might ultimately develop that a construction of the conditional sale contract is requisite to the determination of that question. In other words, if the exchange contract was in fact obtained by fraud and misrepresentation, and was ineffectual for any purpose, the subsidiary conditional sale contract was without foundation and equally null and void. On the other hand, should the exchange contract eventually be upheld, the conditional sale contract must inevitably furnish the basis of any controversy as to the vendor's right to recover delinquent installments, rent for the withholding and use of the property between the date of default and the time of delivery, or damages (in the event that neither any installments nor rent may be recoverable thereunder), for deprivation of the vendor's possession and the wear and tear of

668

his property. It becomes quite obvious, we think, that a determination of this issue in the superior court also involves a consideration of the duties and obligations of the parties, either as a result of alleged fraud or under the terms and conditions of a binding contract. It seems, as was held by the trial court, that the rights of the litigants may not adequately and fairly be adjudicated in anticipation of an unknown event upon which some judgment must be predicated. The entire record was, presumably, before the court, and the whole transaction must stand or fall accordingly as it shall determine therefrom as to whether or not there was a *bona fide* exchange and conditional sale.

It may well be that the court in its legal discretion felt compelled to hold the proceedings in abeyance until it could know the amount of liability, if any, or upon whom it should rest, as a result of final determination of the principal issue underlying the entire transaction. In view of the involved and interdependent questions presented by the three cases, we think the writs prayed herein are unwarranted.

The peremptory writs of mandate are denied and the alternative writs are discharged.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 31, 1929.